UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02624 GAF (SPx) | Date | May 2, 2013 |
|---|---|---|---|
| Title | Thomas Rix et al v. Lockheed Martin Corporation et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     (In Chambers)

### ORDER TO SHOW CAUSE: RE CLASS ALLEGATIONS

On April 15, 2013, Defendant Lockheed Martin Corporation ("Lockheed") removed this action from Los Angeles County Superior Court on the basis of CAFA. (Docket No. 1, [Not. of Removal].) This labor class action stems predominantly from the alleged misclassification of Plaintiff Thomas Rix and similarly situated employees. (Not of Removal, Ex. 1 [Compl.].)

The procedural history of this action, though new to this Court, is complex. Plaintiff previously brought a class action against Lockheed in the Southern District of California in September of 2009, CV 09-02063 CAB (NLSx), involving nearly identical classes and nearly identical claims. (CV 09-02063, Docket No. 21, [First Am. Compl. ("FAC")].) Due to the presence of a lone FLSA claim, that action was brought both on the basis of federal question jurisdiction and CAFA. (Id.) Specifically, in the 09-02063 action, Plaintiff brought his FAC on behalf of a class and subclass. First, the "California Class" consisting of:

> [A]ll individuals who are or previously were employed either [sic] by Defendant Lockheed Martin Corporation as an Industrial Security Representative . . . in California during the period beginning on the date four years before the filing of this complaint and ending on the date as determined by the court . . . .

(FAC ¶ 8.) And second, the "California Labor Subclass" consisting of:

> [A] subclass which consists of all members of the CALIFORNIA CLASS who were employed by DEFENDANT during the period beginning on the date three (3) years prior

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02624 GAF (SPx) | Date | May 2, 2013 |
|---|---|---|---|
| Title | Thomas Rix et al v. Lockheed Martin Corporation et al | | |

to the filing of the action and ending on the date as determined by the Court . . . , who performed work in excess of eight (8) hours in one day and/or forty (40) hours in one week and/or hours on the seventh (7th) consecutive day of a workweek and did not receive overtime compensation . . . .

(Id. ¶ 33.)  Plaintiff later moved to certify the following class:

[T]hose individuals employed by Defendant Lockheed Martin Corporation ('Lockheed') who were classified as exempt and worked in a position with the title 'Industrial Security Representative' or 'Industrial Security Representative, Senior' during the period September 21, 2005 to the present (the 'Class Period').

(CV 09-02063, Docket No. 42-1, [Mot. to Certify] at 1.)  The court denied class certification and eventually dismissed Plaintiff's state claims as predominating over the single FLSA claim.  (CV 09-2063, Docket No. 62, [Order Denying Cert.]; Docket No. 108, [Order Dismissing State Claims].)

Plaintiff, for reasons unknown, refiled his state claims in Los Angeles County Superior Court again as a class action.  Plaintiff seeks to represent a nearly identical class and subclass.  First, the "California Class" consisting of:

[A]ll individuals who are or previously were employed by DEFENDANT in California as Industrial Security Representatives and were classified as exempt from overtime wages . . . at any time during the period beginning September 21, 2005 and ending on the date as determined by the Court . . . .

(Compl. ¶ 7.)  And second, the "California Labor Subclass" consisting of:

[A]ll members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California as Industrial Security Representatives and were classified as exempt from overtime wages . . . during the period beginning September 21, 2006 and ending on the date as determined by the Court.

(Id. ¶ 35.)

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02624 GAF (SPx) | Date | May 2, 2013 |
|---|---|---|---|
| Title | Thomas Rix et al v. Lockheed Martin Corporation et al | | |

  Plaintiff already tested these nearly identical classes, premised on nearly identical claims, in front of the Southern District of California, which "conclude[d] that because individual inquiries will predominate over common questions, Plaintiff cannot meet the predominance requirement of Rule 23(b)(3)." (Order Denying Cert. at 12.) While Plaintiff makes no secret of the fact that the 2009 action occurred, he fails to note that the class certification issue was already fully litigated. (See Compl. ¶ 2.)

  Accordingly, the Court **ORDERS** Plaintiff **to show cause** as to why his class allegations should not be stricken on the basis of collateral estoppel or otherwise. Plaintiff is hereby **ORDERED TO SHOW CAUSE no later than Friday, May 17, 2013**. **Failure to do so will result in the striking of Plaintiff's class allegations**.

  **IT IS SO ORDERED.**